09-0434-cr (L), 09-0457-cr (con)
United States v. White

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of April, two thousand ten.

PRESENT: WILFRED FEINBERG,
GUIDO CALABRESI,
REENA RAGGI,
*Circuit Judges*.

-------------------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                              Nos.  09-0434-cr (L),
                                                     09-0457-cr (con)

O'KENE WHITE, also known as Dread, and
ANTONIO SCOTT,
*Defendants-Appellants*.

-------------------------------------------------------------------------------

APPEARING FOR APPELLANTS:    BEVERLY VAN NESS (Curtis J. Farber, *on the brief*), New York, New York.

APPEARING FOR APPELLEE:    JASON B. SMITH, Assistant United States Attorney (John P. Collins, Jr., Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York

(Harold Baer, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments entered on January 29, 2009, and February 2, 2009, are AFFIRMED.

Defendants O'Kene White and Antonio Scott appeal from convictions, after a jury trial, for (1) conspiracy to commit and attempted robbery in violation of the Hobbs Act, 18 U.S.C. § 1951; (2) attempted possession of marijuana with intent to distribute, see 21 U.S.C. §§ 841(a)(1), (b)(1)(D), 846; and (3) possession and discharge of firearms during and in furtherance of the charged crimes, see 18 U.S.C. § 924(c). Although defendants do not challenge the bulk of the evidence – much of it direct – establishing their use of brutal force against women and children in an effort to steal marijuana belonging to Christopher Farquharson, also known as "Blacks," they submit that two discrete evidentiary rulings warrant reversal. "We review a trial court's evidentiary rulings deferentially, and we will reverse only for abuse of discretion." United States v. Quinones, 511 F.3d 289, 307 (2d Cir. 2007). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.  "Arizona" Testimony

Stacy Roberts, Blacks's girlfriend and one of the victims of defendants' robbery attempt, testified, inter alia, that defendants had asked her, "where's Blacks's stuff," and that Blacks had told her that he bought and sold two types of marijuana: "regular" and "Arizona." Drug Enforcement Administration Special Agent Craig Phildius testified that "Arizona" marijuana is grown in Mexico (and to a lesser degree in Arizona) and shipped through

2

Arizona, and that "regular" marijuana is also grown primarily in Mexico. Defendants submit that Roberts's testimony about the source of Blacks's marijuana should have been excluded because "its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. We are not persuaded. Roberts's testimony, admitted as a statement against Blacks's penal interest, see Fed. R. Evid. 804(b)(3),[1] was relevant to proving that defendants' robbery would have had the requisite "slight, subtle or even potential" impact on interstate commerce, United States v. Perrotta, 313 F.3d 33, 36 (2d Cir. 2002). The timing of Blacks's statement may have affected the weight of the evidence but not its admissibility. See United States v. Schultz, 333 F.3d 393, 416 (2d Cir. 2003). In sum, we cannot conclude either that the evidence lacked probative value or that the defendants were unfairly prejudiced by its admission. See United States v. Jimenez, 789 F.2d 167, 171 (2d Cir. 1986) (observing that evidence is not unfairly prejudicial simply because it is "harmful" to defense). Nothing in the record suggests a "likelihood that jurors would render a decision on an improper basis by giving this testimony undue weight." United States v. Kaplan, 490 F.3d 110, 122 (2d Cir. 2007).

    2.    <u>Evidence of Blacks's Marijuana Possession</u>

---

[1] Although defendants argue that Blacks's statements were not "genuinely self-inculpatory," <u>Williamson v. United States</u>, 512 U.S. 594, 605 (1994), we conclude that the district court acted well within its discretion in finding that a "reasonable person in the declarant's shoes would perceive the statement" that he bought and sold Arizona marijuana as "detrimental to his . . . penal interest," <u>United States v. Saget</u>, 377 F.3d 223, 231 (2d Cir. 2004).

3

Defendants also submit that evidence establishing Blacks's possession of more than six pounds of marijuana on the day after the attempted robbery was irrelevant to their state of mind and unduly prejudicial. See Fed. R. Evid. 403. We disagree. Whether or not the six pounds of marijuana were the specific object of defendants' robbery crimes, the large quantity of contraband was relevant to establishing the scope of Blacks's illegal trafficking, making it more likely, in turn, that (a) defendants' robbery would affect interstate commerce, and (b) defendants' intent was to distribute the marijuana they attempted to possess. Accordingly, we conclude that the district court did not abuse its discretion in admitting this evidence. See, e.g., United States v. Paulino, 445 F.3d 211, 218 (2d Cir. 2006).

3.     Firearms Charge

Because we identify no error in the district court's evidentiary rulings relevant to the first three counts of conviction, we necessarily decline defendants' invitation to reverse their convictions on the fourth count of possessing and discharging firearms during and in furtherance of the other charged crimes.

We have considered defendants' other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgments of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4